IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SESHADRI RAJU, M.D., P.A.**                                          **PLAINTIFF**

VS.                           CIVIL ACTION NO. 3:17-cv-00357-CWR-FKB

**ERIN MURPHY, M.D.**                                                 **DEFENDANT**

AND

**ERIN MURPHY, M.D.**                                         **COUNTER-PLAINTIFF**

VS.

**SESHADRI RAJU, M.D., P.A.**                                **COUNTER-DEFENDANTS**

### SESHADRI RAJU, M.D., P.A.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY PROCEEDING AND COMPEL ARBITRATION

COMES NOW, Seshadri Raju, M.D., PA, (Raju), by and through counsel, and files this Memorandum in Support of its Motion to Stay Proceeding and Compel Arbitration, and in support thereof, would show unto the Court the following:

I.      Introduction

The Parties in this case have previously executed a valid and binding Physician's Employment Agreement containing an arbitration agreement covering all issues that are in dispute in this litigation. Therefore, Plaintiff requests that this Court enter an order staying this proceeding and compelling the Defendant to fulfill her express agreements to arbitration.

II.      Relevant Facts

The parties entered an agreement in June of 2014 wherein Dr. Raju agreed to associate with Dr. Murphy in his nationally recognized practice of venous vascular and other surgery.  On or about September

1, 2014 Dr. Murphy began her employment with Raju M.D. P.A. Beginning sometime after September 1, 2014 and continuing through February, 2017, Dr. Murphy took excessive absences, performed unauthorized work for a third party, and received honoraria for such work. Dr, Raju brought this suit in the First Judicial District Court of Hinds County, Mississippi alleging that the Defendant has committed fraud, breached her fiduciary duties owed to him, is in breach of the employment contract, embezzled funds, and utilized his copyrighted material without authorization. The Defendant removed the matter to this Court where she then filed a Counter-Claim, alleging that Dr. Raju breached the employment agreement, breach the duty of good faith owed to her, retained funds belonging to her, tortiously interfered with a third party contract, and maintained a hostile work environment which resulted in constructive discharge. Both parties allege to have been damaged by the conduct of the other. Thus, the entire dispute between the parties arises out of alleged conduct that is subject to the arbitration clause.

### III. Argument

A. The Federal Arbitration Act ("FAA")

The Federal Arbitration Act ("FAA") "creates a body of federal and substantive law that is applicable in both state and federal courts." *IP Timberlands Operating Co., Ltd. V. Denmiss Corp.,* 726 So. 2d 96, 107 (Miss. 1998). The Mississippi Supreme Court has consistently recognized the existence of a liberal federal policy favoring arbitration agreements. *See Russell v. Performance Toyota, Inc.,* 826 So. 2d 719, 722 (Miss. 2002) (citing *J.P. Timberlands,* 726 So. 2d at 107). The FAA states:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. 9 U.S.C. § 2 (2011).

The Mississippi Supreme Court has explained:

> In enacting § 2 of the Arbitration Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration. Congress has thus mandated the enforcement of arbitration agreements. *J.P. Timberlands,* 726 So. 2d at 107 (quoting *Southland Corp. v. Keating,* 465 U.S. 1, 10 79 L. Ed. 2d 1, 104 S. Ct. 852 (1984)).

The United States Supreme Court has clearly held that there is a presumption in favor of the enforceability of contractual arbitration agreements. *See Moses H Cone Mem'l Hasp. v. Mercury Constr. Corp,* 460 U.S. 1, 24-25 (1983); *see also Walton v. Rose Mobile Homes, LLC,* 298 F.3d 470, 473 (5th Cir. 2002). Similarly, the Mississippi Supreme Court has "readily acknowledged that there is a strong federal policy favoring arbitration." *Adams v. Greenpoint Credit, LLC,* 943 So. 2d 703, 708 (Miss. 2006) (citing *Pre-Paid Legal Services* v. *Battle,* 873 So. 2d 79, 84 (Miss. 2004).

The Mississippi Supreme Court has further said that all "[d]oubts as to the availability of arbitration must be resolved in favor of arbitration." *IP. Timberlands,* 726 So. 2d at 107 (citing *Moses H Cone,* 460 U.S. at 24-25). "Unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue, then a stay pending arbitration should be granted." *Id.* (quoting *Wick v. Atlantic Marine, Inc.,* 605 F.2d 166, 168 (5th CiT. 1979)). Furthermore, with regard to the scope of arbitration agreements, the Mississippi Supreme Court has said:

> When the scope of an arbitration clause is in question, the court should construe the clause in favor of arbitration because the 'FAA establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or like defense to arbitrability.' *Doleac* v. *Real Estate Professionals, LLC,* 911 So. 2d 496, 504 (Miss. 2005) (quoting *City of Meridian, Miss.* v. *Algernon Blair, Inc.,* 721 F.2d 525, 527-28 (5th Cir. 1983) (internal citations omitted)).

Under Mississippi law, "[a]rticles of agreement to arbitrate, and awards thereon are to be liberally construed so as to encourage the settlement of disputes and the prevention of litigation, and every reasonable presumption will be indulged in favor of the validity of arbitration proceedings." *Hutto* v. *Jordan,* 36 So. 2d 809, 812 (1948); *see also Horne v. State Bldg. Comm 'n,* 76 So. 2d 356, 358 (1954). The court's role in determining arbitration issues has been described as follows:

> In addition to establishing a strong presumption in favor of arbitration, the Act also limits the role of the court to determining whether an issue is arbitrable. The court's sole function is to determine whether the claim is referable to arbitration. Once that determination is made, the court may not delve further into the dispute. 'The courts ... have no business weighing the merits of a particular claim, or determining whether there is particular language in the written instrument which will support the claim.' *I.P. Timberlands,* 726 So. 2d at 108 (quoting *United Steelworkers of Am. v. American Mfg. Co.,* 363 US. 564, 568, 4 L. Ed. 2d 1403, 80 S. Ct. 1343 (1960)).

B.      The FAA Controls the Arbitration Agreements Between the Parties

The FAA's application is based on whether the transaction involves interstate commerce. *See* 9 US.C. § 2. "When a commercial transaction involving interstate commerce includes an agreement to arbitrate disputes, federal law controls the enforcement of the arbitration agreement." *Miss Credit Center, Inc. v. Horton,* 926 So. 2d 167, 173 (Miss. 2006) (citing *Guinness-Harp Corp. v. Jos. Schlitz Brewing Co.,* 613 F.2d 468 (2nd Cir. 1980)). "Language within the FAA includes the specific term 'involving commerce.' However, the term 'involving commerce' is viewed as equivalent to 'affecting commerce,' indicating approval by the United States Supreme Court of Congress' broad Commerce Clause powers." *Miss. Credit Center,* 926 So. 2d at 175 (citing *Allied-Bruce Terminix Cos. v. Dobson,* 513 US. 265, 273-74, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995)). Moreover, doubts as to the availability of arbitration must be resolved in favor of arbitration. *Moses H Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983).

The Physician's Employment Agreement at bar contemplated interstate commerce. Provision VI(G)

specifically states that patients will "be from all over the United States and beyond". Provision I(B) of the agreement envisions the reimbursement of honoraria and travel expenses to Dr. Raju for lectures given by Dr. Murphy.  Further, employment agreements involving nonunion workers, who are not involved in the transportation industry, are covered by the Federal Arbitration Act.  *ITT Consumer Fin. Corp. v. Wilson*, 1991 U.S. Dist. LEXIS 21005 *, 61 Fair Empl. Prac. Cas. (BNA) 509, 8 I.E.R. Cas. (BNA) 802 (S.D. Miss. Nov. 25, 1991).

The relationship between the parties arises from the employment agreement which requires compliance with federal laws and regulations. Therefore, the transactions at issue in this lawsuit involve interstate commerce within the purview of the Commerce Clause.

C.       The Court Should Stay this Proceeding and Order Arbitration

When an arbitration agreement governed by the FAA covers claims that have been asserted in a lawsuit, the court must stay further judicial proceedings until the parties have concluded arbitration. 9 U.S.C. § 3. Section 3 of the FAA states, inter alia, as follows:

> If any suit or proceeding be brought in any of the courts of the United State upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.
> 9 U.S.C. § 3 (2011).

The United States Supreme Court has further stated:

> Contracts to arbitrate are not to be avoided by allowing one party to ignore the contract and resort to the courts. Such a course could lead to prolonged litigation, one of the very risks the parties, by contracting for arbitration, sought to eliminate. *Southland Corp. v. Keating,* 465 US. 1, 7 (1984); *see also Moses H Cone,* 460 U.S. at 22 ("the *[FAA]* provides two parallel devices for enforcing an arbitration agreement: a stay of litigation in any case raising a dispute referable to arbitration, 9 U.S.C. § 3, and an affirmative order to engage in arbitration, § 4. Both of these sections call for an expeditious and summary hearing with only restricted inquiry into factual issues."); *Pearce v. E.F. Hutton Group, Inc.,* 828 F. 2d 826, 830 (D.C. Cir. 1987) ("if arbitration is indicated by the contract, then a stay is required by the statute.").

Where an arbitration clause spells out that any dispute between the parties or any claim by one against the other will be resolved by arbitration, then such broad language clearly envelops alleged tortious behavior claims of sexual harassment, invasion of privacy, and intentional infliction of emotional distress. *ITT Consumer Fin. Corp. v. Wilson*, 1991 U.S. Dist. LEXIS 21005 *, (S.D. Miss. Nov. 25, 1991).

Here, there is no dispute that the Employment Agreement was signed by the parties and cover the dispute between the parties. Thus, a stay must be ordered while the parties engage in arbitration.

IV. Conclusion

Seshadri Raju, M.D. P.A. respectfully requests that the Court grant its Motion to Compel Arbitration and order that this proceeding be stayed until such arbitration has concluded. Seshadri Raju, M.D. P.A also requests that no responsive pleading be required until the arbitration issue is resolved by this Court. Seshadri Raju, M.D. P.A also requests any and all further relief that this Court deems appropriate.

Respectfully submitted this the 29th day of May 2017.

Respectfully submitted,

**SESHADRI RAJU, M.D., P.A.,**

BY: /s/William S. Kellum
William S. Kellum, III (Attorney for Plaintiff)

KELLUM LAW FIRM, PC
WILLIAM S. KELLUM – BAR # 101898
(ATTORNEY FOR PLAINTIFF)
P.O. BOX 4318
JACKSON, MISSISSIPPI 39296
TELEPHONE:  (601) 969-2709
FACSIMILE:   (601) 969-2161

## **CERTIFICATE OF SERVICE**

  I, William S. Kellum, one of the attorneys for Seshadri Raju, M.D. do hereby certify that I have this day filed the foregoing with the Court via the ECF electronic filing system, which provided a copy of the above and foregoing to all counsel of record.

  THIS the 29th day of May 2017.

              BY: /s/William S. Kellum
              William S. Kellum, III (Attorney for Plaintiff