IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SESHADRI RAJU**                                                                                              **PLAINTIFF**

**V.**                                                                      **CAUSE NO. 3:17-CV-00357-CWR-LRA**

**ERIN MURPHY; JOHN DOES 1-10**                                                         **DEFENDANTS**

**ORDER**

Before the Court is plaintiff's motion to compel arbitration. Having reviewed the briefing and applicable law, the Court is ready to rule.

**I.      Factual and Procedural Background**

In June 2014, Seshadri Raju and Erin Murphy agreed to professionally associate and entered into a written Physician Employment Agreement. The Agreement contained an arbitration section.[1] Dr. Raju and Dr. Murphy worked together from September 2014 until February 2017.

In March 2017, Dr. Raju filed this action in the Circuit Court of Hinds County, Mississippi. He sought compensatory damages, punitive damages, and attorneys' fees for alleged breach of contract, disclosure of confidential information, theft of copyrighted materials, gross negligence, malice, fraud, extortion, theft and embezzlement, among other claims.[2] In May 2017, Dr. Murphy removed the action to this Court and counterclaimed for breach of contract,

---

[1] That section provides, in part:
> Raju, P.A. and Physician agree that *any legal or equitable claims or disputes* . . . arising out of or in connection with the employment relationship, the terms and conditions of employment, or the termination of Physician's employment, will be settled by binding arbitration. This agreement applies to the following allegations, disputes, and claims for relief, but is not limited to those listed . . . *employment-related actions; compensation disputes; tortious conduct; contractual violations* . . . and other statutory and common law claims and disputes, regardless of whether the statute was enacted or whether the common law doctrine was recognized at the time this Agreement was signed.

Docket No. 3 at 21-22 (emphasis added).

[2] Under Mississippi law, these claims would be tried before a jury. *See* Miss. R. Civ. P. 38.

conversion, tortious interference with contract, constructive discharge, negligence, and negligent as well as intentional infliction of emotional distress. She demands a trial by jury.

Dr. Raju now seeks to enforce the arbitration clause contained in the Agreement. Dr. Murphy argues that Dr. Raju has waived the arbitration clause by choosing to litigate the merits of his claims in court.

## II.   Law

"The right to arbitrate a dispute, like all contract rights, is subject to waiver." *Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009) (citing *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986)). "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Miller Brewing Co.*, 781 F.2d at 497.

"What constitutes a waiver of arbitration is a fact-dependent inquiry." *Nicholas*, 565 F.3d at 910 (citation omitted). "However, in light of the federal policy favoring arbitration, there is a strong presumption against finding a waiver of arbitration." *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 421-22 (5th Cir. 2014) (brackets, quotation marks and citation omitted).

## III.  Discussion

There is no dispute that the Agreement was executed by both parties, it contained an arbitration clause, and that arbitration clause would apply to these claims and counterclaims. Therefore, the analysis proceeds to the elements of waiver: substantial invocation of the judicial process and prejudice.

### A.   Substantial Invocation of the Judicial Process

The record suggests that Dr. Raju was initially uninterested in resolving this dispute through arbitration. "Indeed, short of directly saying so in open court, it is difficult to see how a

party could more clearly evince a desire to resolve a dispute through litigation rather than arbitration, than by filing a lawsuit going to the merits of an otherwise arbitrable dispute." *Nicholas*, 565 F.3d at 908 (brackets, ellipsis, and citation omitted). By commencing this suit, Dr. Raju unequivocally requested judicial resolution of his claims. *Id*. ("[T]he act of a plaintiff filing suit without asserting an arbitration clause constitutes substantial invocation of the judicial process . . . .").[3]

### B.   Prejudice

Invocation of the Judicial process, alone, is insufficient to support waiver of arbitration. Dr. Murphy must also show that she has suffered prejudice. *See id*. ("[W]e continue to require a showing of prejudice, even if there is a substantial invocation of the judicial process.").

"While the mere failure to assert the right to demand arbitration does not alone translate into a waiver of that right, such failure does bear on the question of prejudice, and may, along with other considerations, require a court to conclude that waiver has occurred." *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1161 (5th Cir. 1986) (citation omitted).

Not only did Dr. Raju fail to insist that the parties pursue arbitration, he instead filed suit in Hinds County, breaching the very arbitration clause he now seeks to enforce. In an apparent attempt to avoid diversity jurisdiction in the federal courts, he falsely asserted that Dr. Murphy was a resident of Mississippi, *see* Docket No. 1-1, but he knew that she could be found, and was in fact served, at her address in North Carolina. Docket No. 3 at 28-29. Dr. Raju clearly prefers litigation over arbitration, apparently just not in this Court.

---

[3] Raju took the additional step of copying a portion of the parties' Agreement and placing it in his Complaint. Conspicuously absent from the quoted portion of the Agreement is the arbitration section. *See* Docket No. 1-1 at 2-3. It is beyond dispute that the allegations he presents fall within the arbitration section of the Agreement. He clearly did not want to arbitrate his claims.

It was not until Dr. Murphy removed the action to this Court, answered the complaint, and counterclaimed that Dr. Raju decided he preferred the more private venue of arbitration. Dr. Murphy, according to her declaration, has expended time and money consulting with at least two separate law firms, and has constructed her legal strategy based on Dr. Raju's decision to litigate rather than arbitrate this dispute. *See also* Docket No. 8-2 (Declaration of Murphy's counsel explaining, among other things, that he tailored legal strategy based, in part, on the fact that this case was filed in court rather than arbitration). In addition, the Court agrees that Murphy has been prejudiced by the public filing of the highly charged allegations accusing her of tortious and even criminal conduct.

The Court finds that Dr. Raju invoked the judicial process to the detriment of Dr. Murphy, thereby waiving the arbitration clause contained in the Agreement.

## IV.   Conclusion

Plaintiff's motion to stay these proceedings and compel arbitration is denied. The parties shall contact the Magistrate Judge within 10 days to obtain a scheduling order.

**SO ORDERED**, this the 25th day of July, 2017.

                                                              s/ Carlton W. Reeves
                                                              UNITED STATES DISTRICT JUDGE