IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SESHADRI RAJU | PLAINTIFF |
| V. | CAUSE NO. 3:17-CV-00357-CWR-LRA |
| ERIN MURPHY | DEFENDANT |

**ORDER DENYING STAY**

Before the Court is Plaintiff Dr. Seshadri Raju's Motion to Stay Proceedings Pending Interlocutory Appeal. Docket No. 14. Defendant Dr. Erin Murphy opposes a stay. Docket No. 16. For the reasons below, Dr. Raju's Motion to Stay is DENIED.

**I.  Factual and Procedural History**

In June 2014, Dr. Raju and Dr. Murphy entered into a Physician Employment Agreement. Docket No. 3 at 21-22. The Agreement contained an arbitration clause.

In March 2017, Dr. Raju filed this action in the Circuit Court of Hinds County, Mississippi, alleging several state law claims. Docket No. 1-1. Dr. Murphy properly removed the action to this Court in May 2017, pursuant to diversity jurisdiction. Docket No. 1.

That same month, Raju filed a Motion to Compel Arbitration and a Motion to Stay Proceedings. Docket No. 4. This Court denied both Motions, finding that Dr. Raju waived the arbitration clause contained in the Agreement. *Raju v. Murphy*, 2017 WL 3175911 (S.D. Miss. Jul. 25, 2017). Dr. Raju appealed that order and now requests that the Court stay all proceedings until the matter is resolved by the Fifth Circuit. Docket No. 15 at 1.

**II.  Legal Standard**

A party is not entitled to an automatic stay of court proceedings pending appeal from a denial of a motion to compel arbitration. *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 907

(5th Cir. 2011). Rather, the decision of whether to stay a case is within the court's discretion. *Id*. In exercising this discretion, a court must first determine whether the applicant has shown that "there is a serious legal question involved *and* the balance of equities heavily favors a stay." *Id*. at 910 (emphasis added). If the applicant fails to establish both elements, the court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and (4) whether public interest favors a stay." *Id*. Of these factors, the first two are the most critical. *U.S. v. Transocean Deepwater Drilling*, 537 F. App'x 358, 360 (5th Cir. 2013) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

## III. Discussion

The Fifth Circuit has held that private contractual disputes "regarding whether arbitration is required" do not implicate a "substantial legal question." *Miller*, 661 F.3d at 910. Dr. Raju tries to get around this holding by pointing to an ancillary issue. He contends that "the Fifth Circuit has not appeared to make a definitive ruling on what constitutes significant pre-trial activities." Docket No. 15 at 7 (quotation marks omitted). But that is not the point. Private disputes which "have no far-reaching effects or public concerns" do not involve a serious legal question. *Wildmon v. Berwick Universal Pictures*, 983 F. 2d 21, 24 (5th Cir. 1982).

Even if Dr. Raju could demonstrate that this case involves a serious legal question, he has not met his burden to show that the balance of equities weighs *heavily* in his favor, as discussed below. Therefore, we turn to the four-factor analysis.

### A. Likelihood of Success on the Merits

A stay applicant is typically at a disadvantage "because the district court has already ruled against him." *Miller*, 661 F.3d at 910. That is the case here.

Dr. Raju has not offered any persuasive arguments in support of his position. He argues that he is likely to succeed on the merits of his appeal because "the pre-litigation activities alleged . . . are minimal" and did not cause prejudice to Dr. Murphy. Docket No. 20 at 2. For the reasons stated in this Court's July 25 Order, *see* Docket No. 12 at 3-4, the Court finds that Dr. Raju is unlikely to succeed in his argument regarding prejudice and concludes that this factor weighs against a stay.

### B. Whether Plaintiff Would Suffer Irreparable Injury

As to the second factor, the only grounds for irreparable injury proffered by Dr. Raju are "the time and expense of litigation." Docket No. 15 at 8. The Fifth Circuit, however, has expressly rejected those considerations as irreparable harm. *Miller*, 661 F.3d at 913. Accordingly, the second factor weighs against a stay.

### C. Substantial Harm to Defendant

Dr. Raju then argues that "the only harm to Defendant is the additional time until Plaintiffs claims against her are concluded, and that is not enough." Docket No. 15 at 8. The Court agrees. The only potential injury faced by Dr. Murphy is a delay in the vindication of her counterclaims, which does not rise to a level of *substantial* harm. *Miller*, 661 F. 3d at 913. This factor favors granting a stay.

### D. Public Interest

Dr. Raju contends that the interest of judicial economy warrants a stay. Docket No. 15 at 8. Dr. Raju, though, does not present a likelihood of success on the merits. As such, "there is

little reason to invoke the general public policy of preserving judicial resources from the risk of reversal." *Miller*, 661 F.3d at 913.

Dr. Raju also argues that the Federal Arbitration Act favors arbitration over litigation. Docket No. 15 at 9. That may be true, but it is not determinative. The Fifth Circuit has made clear that stays pending appeal from a denial of a motion to compel arbitration are not automatic. *See Miller*, 661 F.3d at 907. In view of the Court's previous holding that Dr. Raju's arguments in favor of arbitration were unavailing, the Court is not persuaded that this general policy is sufficient to tilt this factor in favor of Dr. Raju. Accordingly, the public interest favors denying the stay.

## IV. Conclusion

For the reasons above, the Court concludes that a balancing of the relevant factors does not support a stay. Plaintiff's Motion to Stay Pending Appeal is DENIED.

**SO ORDERED**, this the 25th day of September, 2017.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE