**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**SESHADRI RAJU, M.D., P.A.**                                                                                                    **PLAINTIFF**

**vs.**                                      **CIVIL ACTION NO. 3:17-cv-357-CWR-FKB**

**ERIN MURPHY, M.D.**                                                                                                       **DEFENDANT**

**AND**

**ERIN MURPHY, M.D .**                                                                                        **COUNTER-PLAINTIFF**

**vs.**

**SESHADRI RAJU, M.D., P.A**                                                             **COUNTER-DEFENDANT**

## ORDER

Before the Court are two motions filed by Defendant/Counter-Plaintiff Erin Murphy, M.D.: a motion to quash and for sanctions [68] and a supplemental motion for sanctions [87]. Dr. Murphy originally challenged six subpoenas issued by Dr. Raju to purported former employers of Dr. Murphy. *See* motion [57]. In response, Dr. Raju withdrew four of the six subpoenas at issue. *See* [64] at 3, fn. 1. Dr. Murphy filed a second motion to quash the remaining two subpoenas [68]. She also moved for sanctions, contending that the remaining two subpoenas lacked "substantial justification" under Fed R. Civ. P. 26(g)(1)(B). [68] at 3. Dr. Raju filed notices of withdrawal with regard to all six subpoenas at issue on June 26, 2018. *See* [80]-[85]. Dr. Murphy acknowledges that motion [68] is now moot to the extent that it requests any subpoenas be quashed. [87] at 3. However, she contends that sanctions are appropriate. *Id*.

"The district courts wield their various sanction powers at their broad discretion." *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir.1993). Fed R. Civ. P. 26(g)(1) requires that an attorney certify that to the best of that person's knowledge, information, and belief . . .

  (B) with respect to a discovery request, response, or objection, it is:
    (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
    (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
    (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1)(B). "If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3).

  Having considered the parties' submissions and the fact that Dr. Raju's counsel withdrew the subpoenas, the Court finds that sanctions should not be imposed. Accordingly, Motion [68] is denied as moot with regard to the request to quash any subpoenas, and is denied as to the request for sanctions. Motion [87] is also denied.

  SO ORDERED, this the 19th of July, 2018.

                /s F. Keith Ball
                UNITED STATES MAGISTRATE JUDGE