

---

No. 3:17-CV-357-CWR-FKB

SESHADRI RAJU

*Plaintiff,*

v.

ERIN MURPHY

*Defendant.*

---

ORDER DENYING MOTION TO AMEND

---

Before CARLTON W. REEVES, *District Judge*.

Before the Court is Dr. Seshadri Raju's motion for leave to file a first amended complaint. Docket No. 89. The proposed amendment adds a party, Medtronic Vascular, Inc. ("Medtronic"), and six substantive claims. The additional claims include: (1) civil RICO, (2) theft of trade secrets, (3) tortious interference with contract, (4) civil conspiracy, (5) unfair competition by misappropriation, and (6) intrusion and unauthorized access to a computer network. Also before

the Court is Dr. Erin Murphy's motion to strike Dr. Raju's surrebuttal. Docket No. 116. Dr. Murphy contends that the proposed amendment should be denied for failure to show good cause under Rule 16(b) of the Federal Rules of Civil Procedure (FRCP), improper joinder of a party under Rule 20 of the FRCP, and futility.

For the reasons below, the motion to amend is denied without prejudice, and the motion to strike is moot.

## I.
## Good Cause

"Once a scheduling order has been entered by the Court, the decision to allow an amended complaint is controlled by Fed. R. Civ. P. 16(b), rather than the often quoted Rule 15." *Alford v. Kuhlman Corp.*, No. 3:07-CV-756-HTW-LRA, 2010 WL 1257844, at *1 (S.D. Miss. March 26, 2010) (citing *S &W Enters. v. Southtrust Bank*, 315 F.3d 533 (5th Cir. 2003)). Rule 16(b) provides that a scheduling order cannot be modified without a showing of good cause and the judge's consent. The Court determines whether good cause is shown by considering: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (brackets omitted).

The motion to amend deadline was October 16, 2017. Dr. Raju asserts that he did not timely move to amend because he was not aware of facts giving rise to the proposed additional claims or Medtronic's participation until he received discovery on June 27, 2018. He then moved to amend within a month of receiving discovery, on July 18, 2018. The

discovery consists of emails that purportedly reveal, among other things, a conspiracy to obtain Dr. Raju's trade secrets and confidential information. Dr. Murphy argues that because Dr. Raju did not seek this evidence until four months after the motion to amend deadline, and did not ask for an extension when the scheduling order was first amended, there is no valid explanation for Dr. Raju's delay. Furthermore, Dr. Murphy argues that Dr. Raju was aware of Dr. Murphy's relationship with Medtronic at the time the original Complaint was filed.

Dr. Murphy's argument is without merit. The purpose of the motion to amend deadline is to require the plaintiff to include any and all claims and parties that the plaintiff knows or should know of *at the time the Complaint is filed*. There is no requirement that the plaintiff ask for discovery before the motion to amend deadline expires. Even if he had, Dr. Raju would not have received the discovery before the deadline as a protective order was in place.[1]

Dr. Raju asserts that the basis of the proposed additional claims were not known to him before discovery. As such, Dr. Raju has put forth a valid explanation for the failure to timely move to amend.

Dr. Murphy states that she will be prejudiced as she will incur additional expenses and in light of the inevitable litigation resulting from the addition of a party. Those concerns, however, yield to Raju's justifications for adding the new party. Should the Court find that appropriate claims may be brought against Medtronic, a new scheduling order will be entered.

---

[1] A Protective Order was entered on June 14, 2018.

Accordingly, there is good cause to amend the complaint.

## II.
## Proper Joinder of Medtronic

Under Rule 20, "persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any questions of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Dr. Murphy argues that joinder of Medtronic is improper because the claims are conclusory and lack specificity. Dr. Raju, however, goes into sufficient detail of what the newly discovered evidence reveals about Medtronic and how it arises out of the same series of transactions or occurrences as the claims against Dr. Murphy. For example, the email correspondence purportedly reveals that (1) Dr. Murphy provided Medtronic with Dr. Raju's trade secrets after she accepted a position with Medtronic, but before she resigned from the Raju clinic, (2) that Medtronic knew the information had been improperly obtained, and (3) that both parties used the trade secrets and copyrighted material in developing Medtronic's stent program for sale to the public. Moreover, several of the proposed additional claims are asserted against both Dr. Murphy and Medtronic, thus satisfying the second prong of Rule 20.

The allegations made against Medtronic are largely, if not completely, intertwined with the current dispute between Dr. Raju and Dr. Murphy. A separate suit against Medtronic on these facts would be a waste of judicial resources and risk

inconsistent results. Accordingly, the joinder of Medtronic is proper under Rule 20.

## III.
## Futility of the Amendment

Lastly, Dr. Murphy asserts that the motion to amend should be denied because the amendment would be futile. In his surrebuttal, Dr. Raju concedes that four out of his six proposed new claims are, at some level, deficient,[2] and seeks leave of Court to clarify the proposed additional claims and add two new claims under the Copyright Act and the Mississippi Uniform Trade Secret Act (MUTSA). Dr. Raju also mentions, with no particularity, an intent to clarify his civil RICO claim.

Dr. Murphy alleges in her motion to strike, and the Court agrees, that a motion to amend the proposed amended complaint is not properly before the Court, as it was filed in violation of Local Rule 7(b)(3)(C) and 7(b)(2).[3]

The Court cannot assess a motion to amend in this state. It is unclear how Dr. Raju seeks to clarify the proposed civil RICO

---

[2] The four deficient claims in the proposed amended complaint are: (1) unfair competition by misappropriation (preempted by the Copyright Act), (2) theft of trade secrets (cited wrong statute), (3) civil conspiracy (no valid underlying tort alleged), and (4) intrusion and unauthorized access to computer network (no specific law cited and the requisite amount of damages is not alleged).

[3] Under Rule 7(b)(3)(C), "a response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response." Local Rule 7(b)(2) further requires that "a proposed amended pleading must be an exhibit to a motion for leave to file the pleading."

claim. Additionally, by seeking to add a claim under the Copyright Act, Dr. Raju seems to concede that the unfair competition by misappropriation claim is preempted. Nevertheless, Dr. Raju asserts that he does not intend to forego the misappropriation claim. If the Copyright Act preempts the misappropriation claim, though, the misappropriation claim cannot stay. The Court, however, recognizes that some of the claims Dr. Raju seeks to modify in the proposed amended complaint are minor clerical issues. Dr. Raju will be permitted one opportunity to re-file a motion to amend with any and all claims he seeks to assert against Dr. Murphy or Medtronic. The Court will grant Dr. Raju 10 days to re-file.

For these reasons, the motion to amend the complaint is DENIED without prejudice and the motion to strike is MOOT.

SO ORDERED, this the 31st day of October, 2018.

s/ CARLTON W. REEVES  
*United States District Judge*